Michael Hurey (State Bar No. 139,550)
mhurey@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone:(310) 557-1511
Facsimile: (310) 557-1540

Attorneys for Plaintiffs FLAWLESS VAPE
DISTRIBUTION AND WHOLESALE, INC.,
JASON GRACE and RICK WOOD

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FLAWLESS VAPE DISTRIBUTION AND WHOLESALE, INC., JASON GRACE and RICK WOOD, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | 1. **FRAUD;** |
| DAVID BUNEVACZ, JESSICA BUNEVACZ, MARY BUNEVACZ, GRANT BUNEVACZ, CAESARBRUTUS, LLC, MARAT-CORDAY, LLC, HOLY SMOKES USA, LLC and DOES 1 through 30, inclusive, | 2. **TREBLE DAMAGES PURSUANT TO PENAL CODE § 496;** 3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** 4. **VIOLATION OF STATE AND FEDERAL SECURITIES LAWS;** 5. **CONSPIRACY;** 6. **BREACH OF CONTRACT – FIRST SETTLEMENT AGREEMENT;** 7. **BREACH OF CONTRACT – SECOND SETTLEMENT AGREEMENT;** 8. **FRAUD IN THE INDUCEMENT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

- 1 -

**COMPLAINT**

Plaintiffs Flawless Vape Distribution and Wholesale, Inc., Jason Grace and Rick Wood, as their Complaint in this action, allege as follows:

## THE PARTIES

1.      Plaintiff Flawless Vape Distribution and Wholesale, Inc. ("Flawless Vape") is a California Corporation having a principal place of business in the County of Los Angeles, State of California.

2.      Plaintiff Jason Grace is an individual residing in the County of Los Angeles, State of California.

3.      Plaintiff Rick Wood is an individual residing in the County of Los Angeles, State of California.

4.      Plaintiffs Jason Grace and Rick Wood are shareholders and officers in Plaintiff Flawless Vape.

5.      Defendant David and Jessica Bunevacz are individuals presently residing at 25420 Prado de Oro, Calabasas, California, 91302 in the County of Los Angeles.

6.      David Bunevacz is known to use various false names and identities including David Bonivach, David Bonivaz, David Bunevach, David Bond and, on information and belief, other aliases presently unknown to Plaintiffs.

7.      Defendants David and Jessica Bunevacz are married.

8.      Defendant Mary Bunevacz is an individual residing in the County of

**COMPLAINT**

Los Angeles, State of California.

9.     Defendant Grant Bunevacz is an individual residing in the County of Los Angeles, State of California.

10.    David and Jessica Bunevacz are the parents of Mary and Grant Bunevacz.

11.    Defendant Caesarbrutus, LLC ("Caesarbrutus") is a California Limited Liability Company having a principal place of business in Los Angeles County, California.

12.    Defendant Marat-Corday, LLC ("Marat-Corday") is a suspended California Limited Liability Company having a principal place of business in Los Angeles County, California.

13.    Defendant Holy Smokes USA, LLC ("Holy Smokes") is a suspended California Limited Liability Company having a principal place of business in Los Angeles County, California.

14.    The true names and capacities of Does 1 through 30, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names, and when the true names and capacities of such Defendants are ascertained, complainant will ask leave of Court to amend this complaint to insert the same.

**COMPLAINT**

15.     Plaintiffs allege that Defendants David, Jessica and Mary Bunevacz, individuals, and Defendants Does 1 through 30, inclusive, (hereinafter collectively referred to as ("Defendant Members") are, and at all times herein mentioned were, Members and/or promoters of Caesarbrutus and Marat-Corday (collectively the "California Companies"). There exists, and at all times herein mentioned existed, a unit of interest between the Defendant Members and the California Companies such that any individuality and separateness between the Defendant Members and the California Companies have ceased, and the California Companies, LLC is the alter ego of Defendant Members as follows:

(a)     Plaintiffs allege that the California Companies are, and at all times herein mentioned were, a mere shell and sham without capital or assets. the California Companies were conceived, intended and used by Defendant Members as a device to avoid individual liability and for the purpose of substituting a financially insolvent limited liability company in the place of Defendant Members;

(b)     Plaintiffs allege that the California Companies are, and at all times herein mentioned were, so inadequately capitalized that, compared with the business done by the California Companies and the risks of loss attendant thereto, their capitalization was illusory or trifling;

- 4 -

**COMPLAINT**

(c)     Plaintiffs allege that the California Companies are, and at all times herein mentioned were, the alter ego of Defendant Members, and there exists, and at all times herein mentioned has existed, a unity of ownership between Defendants such that any separateness has ceased to exist in that Defendant Members used assets of the California Companies for their personal use, caused assets of the California Companies to be transferred to them without adequate consideration, and withdrew funds from the California Companies' bank accounts for their personal use;

(d)     Plaintiffs allege that the California Companies are, and at all times mentioned herein were, a mere shell, instrumentality and conduit through which Defendant Members carried on their business in the name of the California Companies exactly as they conducted business prior to organization, exercising complete control and dominance of such business to such an extent that any individuality or separateness of the California Companies and Defendant Members do not now exist, and at any time herein mentioned, did not exist;

(e)     Plaintiffs allege that the California Companies are, and at all times herein mentioned were, controlled, dominated, and operated by Defendant Members as their individual business and alter ego, and

**COMPLAINT**

Defendant Members entered into personal transactions with the California Companies without the approval of such Members;

(f) Plaintiffs allege that adherence to the fiction of separate existence of the California Companies as an entity distinct from Defendant Members would permit abuse of the entity privilege and would sanction fraud in that Defendant Members caused funds to be withdrawn from the California Companies and distributed said funds without any consideration of the California Companies, all for the purpose of avoiding and preventing attachment and execution by creditors, including Plaintiffs, thereby rendering the California Companies insolvent and unable to meet their obligations;

(g) Plaintiffs allege that adherence to the fiction of separate existence of the California Companies as entities distinct from Defendant Members would permit abuse of the limited liability company privilege and produce an inequitable result in that Defendant Members represented to Plaintiffs that said Members would be responsible for company obligations, and the transaction complained of herein was entered into under the belief that Defendant Members were, in reality, the true parties obligated;

**COMPLAINT**

(h)    Plaintiffs allege that adherence to the fiction of separate existence of the California Companies as entities distinct from the Defendant Members would permit abuse of the limited liability company privilege and produce an inequitable result in that the Defendant Members guaranteed certain of the California Companies' obligations, thereby enabling the California Companies to engage in active business without adequate financing, which invited the public generally, and Plaintiffs in particular, to deal with the California Companies all to Plaintiffs' loss as herein pleaded;

16.    As a result of the acts and omissions complained of hereinabove, each of said Defendant Members are additionally jointly and severally liable for all relief sought herein by Plaintiffs against Corporate Defendant Caesarbrutus, LLC and Marat-Corday, LLC.

17.    Plaintiffs are informed and believe, and thereon alleges, that each of the Defendants including the Doe Defendants, are contractually liable in some manner for the events and happenings herein alleged and that such manner legally caused the injuries and damages herein set forth. Plaintiffs are uncertain as to the manner or function of said Defendants, and Plaintiffs pray leave to amend this complaint when the same has been ascertained.

**COMPLAINT**

## JURISDICTION AND VENUE

18.     The Fourth cause of action herein alleges Defendant David Bunevacz

has sold unregistered securities in violation of 15 U.S.C. 77*l*. This Court has

exclusive subject matter jurisdiction over the Federal securities claims pursuant to

15 U.S.C. 78aa.

19.     Plaintiffs' remaining claims stem from a common nucleus of

operative facts as the Federal securities claim and, as such, form part of the same

case or controversy. This Court has subject matter jurisdiction over the remaining

claims pursuant to 28 U.S.C. § 1367(a) under the doctrine of supplemental

jurisdiction.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b).

Each of the Defendants reside in Los Angeles County, within this judicial district.

In addition, a substantial part of the events and omissions giving rise to the claims

in this Complaint took place in Los Angeles County, within this judicial district.

21.     The Court has personal jurisdiction over each of the Defendants

because they each reside and/or can be found in this judicial district.

///

///

///

- 8 -

**COMPLAINT**

## FIRST CAUSE OF ACTION
<u>Fraud</u>

(Against David Bunevacz, Mary Bunevacz, Caesarbrutus and Marat-Corday)

22.    In or about July of 2016, Plaintiffs Rick Wood and Jason Grace were introduced to Defendant David Bunevacz by a mutual acquaintance.

23.    David Bunevacz represented he was associated with the California Companies and that the California Companies were in the business of legal and licensed growing and manufacturing of cannabis products. Bunevacz further represented he had customers for cannabis products throughout California and the United States.

24.    David Bunevacz further represented he controlled both Caesarbrutus and Marat-Corday as the managing member of each company.

25.    David Bunevacz further represented that Defendant Mary Bunevacz was associated with both Caesarbrutus and Marat-Corday.

26.    Defendants David Bunevacz, Mary Bunevacz Caesarbrutus and Marat-Corday conspired together to make false and untrue statements of fact to Plaintiffs in order to induce them to transfer money for the benefit of the Defendants.

27.    In particular, David Bunevacz, acting for himself and for the benefit of Mary Bunevacz, Caesarbrutus and Marat-Corday, made the following statements to Plaintiffs:

- 9 -

**COMPLAINT**

(a) David Bunevacz and Mary Bunevacz were owners of Caesarbrutus and Marat-Corday and the two Defendant companies were operating a licensed cannabis growing and manufacturing business in the City of Huntington Park California;

(b) The Plaintiffs had the opportunity to purchase a portion of the ownership interest of Caesarbrutus;

(c) In exchange for an investment, Plaintiffs would become 50% owners in the licensed cannabis business in Huntington Park, California;

(d) Plaintiffs initial investment was to be used to pay a portion of the construction costs and lease payments for the Huntington Park cannabis business;

(e) Further, David Bunevacz and Mary Bunevacz had the ability to offer Plaintiffs shares and or warrants (the "Securities") in a second licensed cannabis business in the City of Los Angeles, California;

(f) The Securities Plaintiffs had the ability to purchase were in a company by the name of MJIC, Inc. ("MJIC");

(d) MJIC had imminent plans to engage in an initial public offering of its stock in the county of Australia;

(e) Additional funds contributed by Plaintiffs would be used to purchase extraction machines to be used in the manufacture of cannabis and

**COMPLAINT**

CBD oil and for the installation of electrical power equipment for the grow;

28.     David Bunevacz made the statements referred to in Paragraph No. 27 above to Plaintiffs in approximately the last quarter of 2016. The statements were communicated to Plaintiffs in various different ways, including in-person meetings, during telephone as well as various text messages and emails to Plaintiffs.

29.     On information and belief, Defendant Mary Bunevacz was aware that her father was making false statements to Plaintiffs in order to cause them to transfer money to the Defendants as alleged herein.

30.     The statements referred to in Paragraph 27 above were, in all material respects, false and untrue. In particular, David Bunevacz, Caesar Brutus and Marat-Corday did not have any intention of selling any ownership interest in Caesarbrutus or Marat-Corday to Plaintiffs; the cannabis business in Huntington Park, California was not licensed as represented; David Bunevacz, Caesar Brutus and Marat-Corday did not have any intention to use the funds provided by the Plaintiffs to purchase extraction equipment or pay any expenses of the Huntington Park cannabis business as promised; Plaintiffs did not have any opportunity to purchase an ownership interest in MJIC; moreover, MJIC was not imminently

**COMPLAINT**

positioned to publicly offer its shares on the Australian stock market, or any other market for that matter.

31.     At the time David Bunevacz statements referred to in Paragraph No. 27 above he was acting on his own behalf and as the agent for Mary Bunevacz, Caesar Brutus and Marat-Corday.

32.     David Bunevacz, made the false statements to be made with the express purpose and intent to induce Plaintiffs to transfer no less than $1,300,00.00, including cash payments, to Defendants and various third parties for the benefit of Defendants.

33.     The statements referred to in Paragraph No. 27 above were a material factor in Plaintiffs agreeing to transfer the funds as alleged. Plaintiffs would not have made the transfers but for the false statements made by David Bunevacz.

34.     On information and belief, the money provided by Plaintiffs was not used in the manner as promised by David Bunevacz. Instead, David Bunevacz and Mary Bunevacz converted the funds to their own personal use.

35.     Plaintiffs subsequently made a series of inquiries as to the status of the money they transferred as requested by David Bunevacz.

36.     As a result of Plaintiffs' inquiries, David Bunevacz concocted a scheme intended to hide the malfeasance of Defendants from Plaintiffs and to dissuade them from taking any legal action to recover their money. In order to

- 12 -

**COMPLAINT**

effectuate the scheme, David Bunevacz made up a series of excuses and reasons "explaining" why the Plaintiffs' funds were secure. These excuses and reasons included, but were not limited to, the following:

    (a)    The build-out and operation of the cannabis business in Huntington Park, California was delayed due to a series of technical delays;

    (b)    David Bunevacz claimed to have executed and recorded a deed of trust of his house located at 23810 Spinnaker Court Spinnaker Court, Santa Clarita, California, 91355 to Plaintiffs Jason Grace and Rock Wood and their spouses in order to secure Plaintiffs' funds;

    (c)    Sending pictures of extraction equipment allegedly purchased by Plaintiffs' funds;

    (d)    David Bunevacz was sick and in the hospital;

    (e)    David Bunevacz had moved and was no longer living in Los Angeles;

    (f)    The IPO of MJIC on the Australian stock market was delayed due to various reasons including the Christmas Holidays of 2016.

37.    The false statements referred to in Paragraph No. 36 were made at various times beginning in 2017 and continued for months. The false statements were communicated to Plaintiffs by David Bunevacz in writing through text messages and emails and verbally in telephone calls.

**COMPLAINT**

38.    In an effort to substantiate the alleged delays, David Bunevacz provided Plaintiffs with forged and false documents, including the deed of trust referred to in Paragraph No. 36(b) above.

39.    The statements referred to in Paragraph No. 36 above were false. In particular: the Defendants had no intention of using the Plaintiffs' funds for the promised purposes and the alleged delays cited by David Bunevacz were spurious; the Defendants did not have the legal right or ability to offer or sell the Securities to Plaintiffs; MJIC was not experiencing any delays in its public offering, because the company had no plans to go public; the Deed of Trust referred to was fraudulent – David Bunevacz did not own the property as he claimed; David Bunevacz had not moved out of the State of California; and he had not suffered any sickness or injury which would have prevented the return of the Plaintiffs' funds.

40.    Defendant David Bunevacz caused the false statements to be made knowing them to be untrue. Moreover, David Bunevacz made the false statements referred to in Paragraph No. 36 above with the specific intention of fraudulently inducing Plaintiffs to refrain from taking any action to recover the $1,300,000 they had been induced to transfer to Defendants as described above.

41.    Prior to taking the actions described above, Plaintiffs was ignorant of the falsity of the Defendants' representations. If Plaintiffs had known the true and

**COMPLAINT**

complete facts concerning said representations, Plaintiffs would not have transferred funds to Defendants or delayed in acting to recover them. The false statements were a material factor in causing Plaintiffs to delay taking any actions to recover their funds.

42.     As a direct and proximate result of the representations of the Defendants, Plaintiffs have suffered damage in an amount presently unknown, but is no less than $1,300,000.00 and in excess of the jurisdictional minimum of this Court. Plaintiffs will establish at trial, and according to proof, the precise amount of such damages.

43.     Furthermore, in doing the things alleged herein, Defendants David Bunevacz, Mary Bunevacz, Caesarbrutus and Marat-Corday acted willfully and with the intent to cause injury to Plaintiffs.  Defendants are therefore guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages pursuant to Civil Code § 3294 in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct, but no less than $5,000,000.

**SECOND CAUSE OF ACTION**
Treble Damages – Penal Code § 496
(Against David Bunevacz)

44.     Plaintiffs repeat and incorporate by this reference the allegations of Paragraphs 1 through 43 above as though fully set forth herein.

- 15 -

**COMPLAINT**

45.    Section 496 of the California Penal Code provides in pertinent part as follows:

"(a) Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (b) of Section 1170. "

. . . .

"(c) Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

46.    Defendant David Bunevacz stole money from Plaintiffs by false pretenses and untrue statements described above. Moreover, Defendant David Bunevacz has withheld and continues to withhold the stolen funds from Plaintiffs by making additional false and untrue statements referred to above, and have concealed, transferred, and/or withheld the stolen funds.

47.    The total value of the funds stolen and subsequently concealed, transferred, and/or withheld by Defendant David Bunevacz was in excess of

**COMPLAINT**

$1,300,000.00 and will be subject to proof at trial.

48.     By virtue of California Penal Code § 496(c), in the present civil action, Plaintiffs therefore seek:

    (a)     an award of treble damages in the amount no less than $3,900,000.00 subject to proof at trial; and

    (b)     attorney's fees according to proof.

**THIRD CAUSE OF ACTION**
<u>Intentional Infliction of Emotional Distress</u>
(Against David Bunevacz)

49.     Plaintiffs Rick Wood and Jason Grace repeat and incorporate by this reference the allegations of Paragraphs 1 through 48 above as though fully set forth herein.

50.     The conduct of Defendant David Bunevacz as specified in Paragraphs 22 - 42 above was outrageous.

51.     David Bunevacz acted with reckless disregard of the probability that Plaintiffs Rick Wood and Jason Grace would suffer emotional distress, knowing that he was present when the outrageous conduct occurred.

52.     As a result of the outrageous conduct of David Bunevacz, Plaintiffs Rick Wood and Jason Grace have in fact suffered severe emotional distress.

53.     The conduct of David Bunevacz was a substantial factor in causing the Plaintiffs' severe emotional distress.

**COMPLAINT**

54.     As a direct and proximate result of the representations of the Defendants, Plaintiffs Rick Wood and Jason Grace have suffered damage in an amount presently unknown but is no less than $1,300,000.00 and in excess of the jurisdictional minimum of this Court. Plaintiffs will establish at trial, and according to proof, the precise amount of such damages.

55.     Furthermore, in doing the things alleged herein, Defendant David Bunevacz acted willfully and with the intent to cause injury to Plaintiffs. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages pursuant to California Civil Code § 3294 in an amount appropriate to punish Defendant and to deter others from engaging in similar misconduct, but no less than $5,000,000.

## FOURTH CAUSE OF ACTION
### Violations of Federal and State Securities Laws
(Against David Bunevacz)

56.     Plaintiffs repeat and incorporate by this reference the allegations of Paragraphs 1 through 55 above as though fully set forth herein.

57.     Defendant David Bunevacz offered to sell Plaintiffs ownership interests in Caesarbrutus, Marat-Corday and MJIC (the "Shares") as alleged above.

58.     Each of the Shares constitutes a security under both Federal law and the laws of the State of California.

**COMPLAINT**

59.     The Shares offered for sale were not registered with the Securities and Exchange commission, or any appropriate department of the State of California. The Shares were also not exempt from registration under any provision of State or Federal Law.

60.     The offer by David Bunevacz to sell the Shares constitutes the offer or sale of an unregistered security under 15 U.S.C. 77*l*.

61.     The offer by David Bunevacz to sell the Shares further constitutes a sale of an unregistered security under California Business and Professions Code § 25110.

62.     As a result of David Bunevacz's violation of State and Federal securities laws, Plaintiffs have been injured in an amount which is no less than $1,300,000.00 and will be subject to proof at trial.

63.     Furthermore, in doing the things alleged herein, Defendant David Bunevacz acted willfully and with the intent to cause injury to Plaintiffs. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages pursuant to California Civil Code § 3294 in an amount appropriate to punish Defendant and to deter others from engaging in similar misconduct, but no less than $5,000,000.

**COMPLAINT**

**FIFTH CAUSE OF ACTION**
<u>Conspiracy</u>
(Against Defendants David Bunevacz, Mary
Bunevacz and Grant Bunevacz)

64.     Plaintiffs repeats and incorporate by this reference the allegations contained in Paragraphs Nos. 1 through 63 above as though fully set forth herein.

65.     As alleged above, Defendants David and Mary Bunevacz willfully conspired between themselves to cause Plaintiffs to transfer money to Defendants and, further, to prevent Plaintiffs from taking legal action to recover such funds from Defendants.

66.     On information and belief, Defendant Grant Bunevacz was recruited by his father to participate in the scheme and conspiracy to defraud Plaintiffs.

67.     Defendant Grant Bunevacz willfully participated in the conspiracy by taking actions to Defraud the Plaintiffs. Specifically, Grant Bunevacz solicited and accepted cash payments from the Plaintiffs and assured Plaintiffs the funds would be used by Defendants for the purposes promised by David Bunevacz.

68.     On information and belief, Grant Bunevacz subsequently delivered the cash payments to his father, David Bunevacz.

69.     On information and belief Grant Bunevacz knew, or should have known, the cash he obtained from the Plaintiffs would not be used as promised by his father, but instead be converted for the personal use of David and Mary Bunevacz.

- 20 -

**COMPLAINT**

70.     Defendants David Bunevacz, Mary Bunevacz, and Grant Bunevacz did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

71.     As a proximate result of the wrongful acts herein alleged, Plaintiffs have been generally damaged in the sum of no less than $1,300,000.00, in an amount to be proven at trial.

72.     Furthermore, in doing the things alleged herein, Defendants David Bunevacz, Mary Bunevacz and Grant Bunevacz acted willfully and with the intent to cause injury to Plaintiffs. Defendants are therefore guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages pursuant to California Civil Code § 3294 in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct, but no less than $5,000,000.

### SIXTH CAUSE OF ACTION
Breach of Contract – First Settlement Agreement
(Against David Bunevacz and Holy Smokes, LLC)

73.     Plaintiffs repeat and incorporate by this reference the allegations of Paragraphs 1 through 72 above as though fully set forth herein.

74.     Plaintiffs Jason Grace and Rick Wood on the one hand and Defendants David Bunevacz and Holy Smokes on the other hand entered into a written contract entitled "Settlement Agreement" in September of 2017 (the "First

Settlement Agreement"). A true and correct copy of the First Settlement Agreement is attached hereto as Exhibit 1.

75.     The First Settlement Agreement provided, among other things, that David Bunevacz would pay Plaintiffs the sum of $1,500,000.00 in accordance with a specified payment schedule.

76.     Defendants David Bunevacz and Holy Smokes breached the First Settlement Agreement by, at least, failing to abide by the payment schedule and have not paid all the sums due to Plaintiffs.

77.     Plaintiffs have performed all the acts required under the terms of the First Settlement Agreement, except for those obligations which were excused or rendered impossible by the acts of Defendant David Bunevacz

78.     As a result of the breach by Defendants David Bunevacz and Holy Smokes, Plaintiffs have been damaged in an amount no less than $1,500,000.00, which will be subject to proof at trial.

79.     The First Settlement Agreement includes an attorney's fees clause providing that in any action to enforce the terms of the contract, the prevailing party shall be entitled to recover their attorney's fees.

///

///

///

**COMPLAINT**

### SEVENTH CAUSE OF ACTION
<u>Breach of Contract – Second Settlement Agreement</u>
(Against David Bunevacz, Jessica Bunevacz and Mary Bunevacz)

80.    Plaintiffs repeat and incorporate by this reference the allegations of Paragraphs 1 through 79 above as though fully set forth herein.

81.    Plaintiffs on the one hand and Defendants David Bunevacz, Jessica Bunevacz and Mary Bunevacz on the other hand entered into a written contract entitled "Settlement Agreement" in February of 2020 (the "Second Settlement Agreement"). A true and correct copy of the Second Settlement Agreement is attached hereto as Exhibit 2.

82.    The Second Settlement Agreement provided, among other things, that David, Jessica and Mary Bunevacz would collectively pay Plaintiffs the sum of $2,318,000.00 in accordance with a specified payment schedule.

83.    Defendants David Bunevacz, Jessica Bunevacz and Mary Bunevacz breached the Second Settlement Agreement by, at least, failing to abide by the payment schedule and have not paid all the sums due to Plaintiffs.

84.    Plaintiffs have performed all the acts required under the terms of the Second Settlement Agreement, except for those obligations which were excused or rendered impossible by the acts of Defendants David Bunevacz, Jessica Bunevacz and Mary Bunevacz

**COMPLAINT**

85.    As a result of the breach by Defendants David Bunevacz, Jessica Bunevacz and Mary Bunevacz, Plaintiffs have been damaged in an amount no less than $2,318,000.00, which will be subject to proof at trial.

86.    The Second Settlement Agreement includes an attorney's fees clause providing that in any action to enforce the terms of the contract, the prevailing party shall be entitled to recover their attorney's fees.

## EIGHTH CAUSE OF ACTION
Fraud in the Inducement
(Against David Bunevacz, Jessica Bunevacz, Mary Bunevacz and Holy Smokes)

87.    Plaintiffs repeat and incorporate by this reference the allegations of Paragraphs 1 through 79 above as though fully set forth herein.

88.    Defendants David Bunevacz, Jessica Bunevacz, Mary Bunevacz and Holy Smokes fraudulently induced Plaintiffs Jason Grace and Rick Wood to enter into both the First and Second Settlement Agreements.

89.    Defendants David Bunevacz, Jessica Bunevacz, Mary Bunevacz and Holy Smokes made the fraudulent representation they intended to abide by and fulfill the payment schedules in both the First and Second Settlement Agreements.

90.    Defendants David Bunevacz, Jessica Bunevacz, Mary Bunevacz and Holy Smokes made the fraudulent representation knowing it to be false, in that they never had any intention to pay the promised sums to Plaintiffs.

**COMPLAINT**

91.     Defendants David Bunevacz, Jessica Bunevacz, Mary Bunevacz and Holy Smokes made the fraudulent representation with the express purpose of inducing Plaintiffs to refrain from taking any legal action to recover the sums that were due and owing to them.

92.     The fraudulent representations concerning the First Settlement Agreement were made by David Bunevacz for himself and acting as the manager of Holy Smokes. The fraudulent representations were made in August and September of 2017 and were communicated to the Plaintiffs verbally and in writing through emails and text messages.

93.     The fraudulent representations concerning the Second Settlement Agreement were made by David, Jessica and Mary Bunevacz. The fraudulent representations were made in February of 2020 and were communicated to the Plaintiffs verbally and in writing.

94.     Plaintiffs Jason Grace and Rick Wood were justified in relying on the statements made by Defendants David Bunevacz, Jessica Bunevacz, Mary Bunevacz and Holy Smokes.

95.     As a direct and proximate result of the representations of the Defendants, Plaintiffs have suffered damage in an amount presently unknown, but is no less than $2,318,000.00 and in excess of the jurisdictional minimum of this

**COMPLAINT**

Court. Plaintiffs will establish at trial, and according to proof, the precise amount of such damages.

96.     Furthermore, in doing the things alleged herein, Defendants David Bunevacz, Jessica Bunevacz, Mary Bunevacz and Holy Smokes acted willfully and with the intent to cause injury to Plaintiffs. Defendants are therefore guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages pursuant to Civil Code § 3294 in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct, but no less than $5,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

<u>On the First Cause of Action</u>

1.     For an award of general damages against Defendants against David Bunevacz, Mary Bunevacz, Caesarbrutus and Marat-Corday, jointly and severally, in an amount no less than $1,300,000.00;

2.     For a judgement declaring Defendants David Bunevacz, Mary Bunevacz, Caesarbrutus and Marat-Corday are in violation of California Civil Code § 3294, that Plaintiffs are entitled to an assessment of punitive damages pursuant to California Civil Code § 3294 in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct;

**COMPLAINT**

3.    For an award of punitive damages in an amount no less than $5,000,000;

## On the Second Cause of Action

4.    For a judgement declaring David Bunevacz be found in violation of California Penal Code § 496, and by virtue of such violation, he be ordered to pay:

    a.  Treble damages in the amount of $3,900,000.00 and

    b.  Attorney's fees subject to proof;

## On the Third Cause of Action

5.    For a judgement declaring that the actions of David Bunevacz, Mary Bunevacz, Caesarbrutus and Marat-Corday be found:

    a.  outrageous;

    b.  in reckless disregard of the probability that Plaintiffs Jason Grace and Rick Wood would suffer emotional distress, knowing that they were present when the outrageous conduct occurred;

    c.  and a substantial factor in causing Plaintiffs' severe emotional distress;

6.    For an award of general damages in an amount no less than $1,300,000.00;

7.    For a judgement declaring Defendants David Bunevacz, Mary Bunevacz, Caesarbrutus and Marat-Corday are in violation of California Civil

**COMPLAINT**

Code § 3294, that Plaintiffs are entitled to an assessment of punitive damages pursuant to California Civil Code § 3294 in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct;

8.     For an award of punitive damages in an amount no less than $5,000,000;

## On the Fourth Cause of Action

9.     For an award of no less than $1,300,000 in general damages as a result of David Bunevacz's violation of State and Federal securities laws.

## On the Fifth Cause of Action

10.     For a judgment declaring Defendants David, Mary and Grant Bunevacz willfully conspired between themselves to defraud Plaintiffs;

11.     For an award of general damages in an amount no less than $1,300,000.00 against Defendants David Bunevacz, Mary Bunevacz and Grant Bunevacz;

12.     For a judgement declaring Defendants David Bunevacz, Mary Bunevacz, and Grant Bunevacz are in violation of California Civil Code § 3294, that Plaintiffs are entitled to an assessment of punitive damages pursuant to California Civil Code § 3294 in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct;

13.     For an award of punitive damages in an amount no less than

- 28 -

**COMPLAINT**

$5,000,000;

On the Sixth Cause of Action

14.     For an award of general damages in an amount no less than $1,500,000.00 against Defendants David Bunevacz and Holy Smokes;

15.     For an award of attorney's fees against Defendants David Bunevacz and Holy Smokes according to proof;

On the Seventh Cause of Action

16.     For an award of general damages in an amount no less than $2,318,000.00 against Defendants David Bunevacz, Jessica Bunevacz and Mary Bunevacz;

17.     For an award of attorney's fees against Defendants David Bunevacz, Jessica Bunevacz and Mary Bunevacz according to proof;

On the Eighth Cause of Action

18.     For an award of general damages in an amount no less than $2,318,000.00 against Defendants David Bunevacz, Jessica Bunevacz and Mary Bunevacz;

19.     For a judgement declaring Defendants David Bunevacz and Holy Smokes are in violation of California Civil Code § 3294 and that Plaintiffs are entitled to an assessment of punitive damages pursuant to California Civil Code

**COMPLAINT**

§ 3294 in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct;

20.     For an award of punitive damages in an amount no less than $5,000,000;

<u>On All Causes of Action</u>

21.     For an award of pre- and post- judgment interest thereon at the maximum rate permitted by law;

22.     For the costs of suit herein; and

23.     For such additional and further relief as the Court may deem just and proper.

Respectfully Submitted,

KLEINBERG & LERNER, LLP

Dated: March 30, 2020     By:   */s/ Michael Hurey*

Michael Hurey
Attorney for Plaintiffs FLAWLESS
VAPE DISTRIBUTION AND
WHOLESALE, INC., JASON GRACE
and RICK WOOD

**COMPLAINT**

**JURY DEMAND**

Plaintiffs hereby demands trial by jury on all matters so triable as a matter of right.

KLEINBERG & LERNER, LLP

Dated: March 30, 2020        By:   */s/Michael Hurey*
                                          Michael Hurey
                                          Attorney for Plaintiffs FLAWLESS
                                          VAPE DISTRIBUTION AND
                                          WHOLESALE, INC., JASON GRACE
                                          and RICK WOOD

- 31 -

**COMPLAINT**