EXHIBIT 2

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered by and between LGDM, LLC, Flawless Vape, Inc., Jason Grace and Rick Wood (collectively "Claimants"), on the one hand, and David Bunevacz, Jessica Bunevacz and Jessica Mary Bunevacz (collectively the "Bunevaczes") on the other hand. Claimants and Bunevaczes are sometimes referred to collectively herein as the "Parties," and individually as a "Party." This Settlement Agreement is effective on the first date of full execution by all Parties hereto (the "Effective Date").

## RECITALS

WHEREAS, this Settlement Agreement is made with reference to the pending lawsuits styled *LGDM v. Bunevacz, et al.*, filed in the Los Angeles Superior Court as Case No. 20STCV03197 (the "LGDM Action") and *Flawless Vape v. Bunevacz, et al.*, filed in the Los Angeles Superior Court as Case No. 20STCV (the "Flawless Vape Action")

WHEREAS, the LGDM Action and the Flawless Vape and Action concerns claims LGDM and Flawless Vape have against Bunevaczes.

WHEREAS, the Parties each wish to avoid the expense of further litigation, and for that reason are entering into this confidential Settlement Agreement to resolve all claims and disputes, whether known or unknown, of any kind whatsoever, including but not limited to claims that were alleged, or that could have been alleged in the Action.

NOW, THEREFORE, in consideration of the promises and covenants contained herein, the receipt and sufficiency of which is hereby acknowledged by the signatories hereto, the Parties agree as follows:

## AGREEMENT AND RELEASE

1. <u>Settlement Amount</u> - The Bunevaczes agree to pay, or cause to be paid, to LGDM and Flawless Vape the total sum of $2,318,000 (the "Settlement Amount"), which amount is to be paid as follows: (i) $100,000 on or before March 14, 2020; (ii) $250,000 on or before May 14, 2020; (iii) $500,000 on or before July 14, 2020; (iv) seven equal payments of $200,000 on August 14, September 14, October 14, November 14 and December 14, 2020 and January 4, 2021 and (v) $68,000 on February 14, 2021. Provided all payments are made in a timely fashion no further interest shall accrue. Payment shall be made by wire transfer to the following account:

[TO BE ADDED]

2. <u>Dismissal of the Action</u>

On or before February 19, 2020, Claimants shall dismiss the LGDM and Flawless Vape Actions without prejudice and deliver proof of the same to Defendants' counsel.

3. <u>Releases</u>

        a. Except for the obligations arising out of this Settlement Agreement, the Bunevaczes and their attorneys, assigns, authorized representatives, agents, and any person or entity making or authorized to make any claim by, through, or on behalf of, or for any of them (collectively, the "Bunevacz Releasors") hereby release and absolutely discharge Claimants, and each of their parents, subsidiaries, affiliated companies, affiliated entities, divisions, successors, officers, directors, attorneys, assigns, authorized representatives, and agents, and any person or entity making or authorized to make any claim by, through, on behalf of, or for any of them (collectively, the "Claimants Releasees"), from any and all claims, demands, damages, debts, liabilities, accounts, obligations, costs, expenses, actions, and causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, that Flawless now owns or holds, or at any time heretofore owned or held, from the beginning of time through the Effective Date of this Settlement Agreement, arising out of or relating to the Action, or that were or could have been alleged in the Action, against the Claimant Releasees, or any of them.

        b. After full payment of the Settlement Amount Claimants and their attorneys, assigns, authorized representatives, agents, and any person or entity making or authorized to make any claim by, through, or on behalf of, or for any of them (collectively, the "Defendant Releasors"), shall deliver to the Bunevaczes a complete release and discharge of the Bunevaczes and each of their attorneys, authorized representatives, and agents, and any person or entity making or authorized to make any claim by, through, or on behalf of, or for any of them (collectively, the "Bunevacz Releasees"), from any and all claims, demands, damages, debts, liabilities, accounts, obligations, costs, expenses, actions, and causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, that the Defendant Releasors now own or hold, or at any time heretofore owned or held, from the beginning of time through the Effective Date of this Settlement Agreement, arising out of or relating to the Action, or that were or could have been alleged in the Action, against the Bunevacz Releasees, or any of them. It is expressly understood there shall be no release of the Bunevaczes until the Settlement Amount is paid in full.

4. <u>Collateral</u>

As collateral for payment of the Settlement Amount, the Bunevaczes have deeded the real property located at 23810 Spinnaker Court, Santa Clarita, California, 91355. Further, the Bunevaczes shall cause to be deeded to Claimants no later than February 14, 2020 the real property located at 6625 Granada Drive, Palmdale, California, 93551. (collectively the "Collateral"). The Bunevaczes shall fully cooperate, at their own expense, with Claimants and execute any documents the Claimants may request to vest title to the Collateral in the name of the Claimants. The Bunevaczes shall be responsible for prompt payment of all property taxes and any other taxes or assessments against the Collateral

The Parties acknowledge there are existing liens against the Spinnaker Court Property. The Bunevaczes represent and warrant the only unsatisfied lien against the Spinnaker Court Property is the first trust deed to Penny Mac Bank. The Bunevaczes shall, at their own expense, take all steps requested by the Claimants to promptly clear all other existing liens. The parties

agree any failure by the Bunevaczes to comply with the provisions of this Paragraph shall be a material breach of the agreement and the Bunevaczes will be in default, thereby permitting the Claimants to dispose of the Collateral pursuant to Paragraph 6 below.

    5.    <u>Default and Cure</u>

In the event the Bunevaczes fail to timely make any of the payments specified in Paragraph 1 above, Claimants may give written notice of the failure to pay by sending an email to David Bunevacz, with copies to his attorneys Sean Macias and Robert Reichman. In the event the Bunevaczes fail to make the required payment within seventy two (72) hours, they shall be in default, and all remaining unpaid amounts of the Settlement Amount shall be immediately due and payable. The Claimants may then proceed to sell the Collateral in the manner specified in Paragraph 6 below.

    6.    <u>Disposition of Collateral</u>

In the event of a default, Claimants can proceed to sell the Collateral to satisfy the unpaid portion of the Settlement Amount. The method of sale shall be in the sole discretion of Claimants. However, the Claimants shall use reasonable efforts to obtain fair-market value for the property. After deducting the costs of sale, the net proceeds from the sale of the Collateral will be applied to the unpaid portion of the Settlement Amount. Claimants shall first sell the Spinnaker Court Property before Granada Drive Property.

The Bunevaczes hereby waive, to the maximum extent permitted by law, the benefits of the "one action rule" under California law, including but not limited to California Code of Civil Procedure Section 726 and/or California Civil Code Sections 580b and 580d. The Bunevaczes agree the Claimants may obtain a deficiency judgment against them in the event they elect to sell the Collateral and such sale is insufficient to satisfy all of the amounts due under the terms of this Agreement. The Bunevaczes waive the requirements for notice under the provisions of California Civil Code Section 2924, or any other similar provision of California law.

After full payment of the Settlement Amount, Claimants shall promptly deed the Collateral back to the Bunevaczes or their designees. Further, after the Bunevaczes have made payments aggregating $1,178,000 the Claimants shall deed the Granada Drive Property to the Bunevaczes or their designee.

    7.    <u>No Admission of Liability</u>

The statute of limitations for Claimants to re-file the LGDM Action or the Lawless Vape Action or commence any litigation for claims arising out of, or related to the factual allegations asserted there (or for any action to enforce a judgment that may be entered as a result of such litigation) shall be tolled for a period (the "Tolling Period") beginning on February 12, 2020 and ending on January 14, 2021 or 30 days after all of the payments referred to in Paragraph 1 above are made, whichever is later. The Parties agree that the Tolling Period shall not be asserted or used in computing the running of time under any applicable statute of limitations for claims (including, but not limited to claims for breach of contract, fraud, enhanced damages under

California Penal Code Section 496 and/or intentional infliction of emotional distress or to set aside voidable transfers) that may be brought by the Claimants against the Bunevaczes.

8. No Admission of Liability

This Settlement Agreement is entered into by each Party without any admissions or adjudications of any issues of law or fact and with a mutual desire to prevent uncertainties, burdens, and costs of further litigation, and the Parties' mutual desire to fully and finally resolve the Actions and resolve, settle, and compromise the claims related thereto.

9. Entire Agreement

This Settlement Agreement is integrated and once accepted according to its terms is intended by the Parties as a final and complete expression of their agreement with respect to the subject matter addressed herein. This Settlement Agreement contains the entire agreement and understanding between and among the Parties and supersedes all prior negotiations and all agreements, covenants, representations and warranties, express or implied, whether written or oral, concerning the subject matter hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any Party hereto to any other Party concerning the subject matter hereof. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereof other than those referred to herein are merged herein. No prior drafts or versions of this Settlement Agreement may be used for purposes of interpreting this Settlement Agreement.

10. Amendment

This Settlement Agreement may not be amended, modified, or terminated, in whole or in party, except by an instrument in writing duly executed by the Parties or their authorized representatives.

11. Representations and Warranties

The Parties make the following representations and warranties in connection with this Settlement Agreement:

a. Each Party to this Settlement Agreement, and each person executing this document on behalf of a Party to this Settlement Agreement, warrants and represents that it, he or she has the power and authority to do so.

b. Each Party to this Settlement Agreement warrants and represents that it has not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released in this Settlement Agreement, or any part or portion thereof.

c. The Parties hereto warrant and represent that in executing this Settlement Agreement, they relied solely upon their own judgment, belief and knowledge, and the legal advice and recommendations of counsel of their choice concerning the nature, extent and

duration of their rights and obligations. The Parties hereto acknowledge and warrant that their execution of this Settlement Agreement is free and voluntary.

12. Construction of Agreement

This Settlement Agreement has been negotiated at arm's length between representatives of the respective Parties. The Parties have each been represented by legal counsel of their own choosing. Accordingly, any rule of law or legal decision or common law principle that would require interpretation of any ambiguities in this Settlement Agreement against the Party that drafted it is not applicable, and is waived. This Settlement Agreement shall be construed fairly as to all Parties and not in favor of or against any of the Parties, regardless of which of the Parties prepared this Settlement Agreement, and the Parties expressly waive California Civil Code § 1654.

13. Non-Waiver

No waiver of any breach of any term or provision of this Settlement Agreement shall be construed to be, or shall be, a waiver of any other breach of this Settlement Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

14. Governing Law and Dispute Resolution

This Settlement Agreement is entered into in the State of California and shall be construed and interpreted in accordance with its laws. Any dispute, claim, or controversy arising out of or relating to this Settlement Agreement or the breach, termination, enforcement, interpretation, or validity thereof shall be heard exclusively in Los Angeles Superior Court, absent a written agreement to the contrary by all Parties.

15. Continuing Jurisdiction Under Cal. Civ. Proc. Code § 664.6

The Parties agree that the Los Angeles Superior Court shall retain jurisdiction over the Action for all purposes pursuant to California Code of Civil Procedure § 664.6.

16. Attorneys' Fees

Each Party shall be responsible for its own attorneys' fees and costs expended to date, and expended in connection with the preparation and execution of this Settlement Agreement, as well as any other work performed in connection with effectuating the settlement contemplated herein or otherwise disposing of the Action. The Parties further agree that, to the extent any legal action is commenced to enforce the terms of this agreement, the prevailing Party or Parties shall be entitled to recover their reasonable attorneys' fees, in addition to costs and expenses otherwise allowed by law.

17. Counterparts

This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including PDF or any

electronic signature complying with the U.S. federal ESIGN Act of 2000, *e.g.*, www.docusign.com), or other transmission method, and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

18. Severability

If any provisions of this Settlement Agreement shall be deemed invalid, illegal, or unenforceable for any reason by any tribunal, then such provision shall be deemed automatically adjusted to the minimum extent necessary to conform to the requirements for validity as declared at such time and, as so adjusted, shall be deemed a provision of this Settlement Agreement as though originally included herein. In the event that the provision invalidated is of such a nature that it cannot be so adjusted, the provision shall be deemed deleted from this Settlement Agreement as though such provision had never been included herein. In either case, the remaining provisions of this Settlement Agreement shall remain in full force and effect.

19. Successors and Assigns

This Settlement Agreement shall bind the heirs, personal representatives, successors, assigns, executors, and administrators of each of the Parties, and inure to the benefit of each of the Parties, and to each of its, his, or her heirs, successors and assigns.

20. No Third-Party Beneficiaries

The Parties agree that there are no third party beneficiaries of this Settlement Agreement, intended or unintended.

21. Gender/Plural/Connectives

Whenever in this Settlement Agreement the context may require, the masculine gender shall be deemed to include the feminine and/or neuter, and vice versa, the singular to include the plural, and vice versa, and (to give the releases herein the broadest interpretation and scope, as is desired by the Parties hereto) the connectives "and" and "or" to mean "and/or."

22. Headings

Headings as used in this Settlement Agreement are for convenience only and are not a part of this Settlement Agreement. The Parties acknowledge that they have read the full substance of each paragraph and are not relying upon the headings.

23. Time

Time is of the essence in this Agreement.

24. Notices

Any notices, demands or other communications required or permitted to be given by any provision of this Settlement Agreement shall be effective when received and sufficient if given in

writing, and shall be addressed as follows, or to such other address as such Parties may from time to time specify by written notice:

**If directed to Claimants:**

To:   Michael Hurey
      Kleinberg & Lerner, LLP
      1875 Century Park East, Suite 1150
      Los Angeles, California 90067
      (310) 557-1511
      mhurey@kleinberglerner.com

**If directed to Bunevaczes:**

To:   Sean Macias
      MACIAS COUNSEL
      411 N. Central Ave., #210
      Glendale, CA  91203
      (818) 240-7707
      sean@maciascounsel.com

25. <u>Future Cooperation</u>

So long as all payments in Paragraph 1 are made in a timely manner, Claimants shall provide confirmation to any person as the Bunevaczes may request that the claims of the LGDM Action and the Flawless Vape Action have been settled and resolved in an amicable fashion and all required payments have been made.

26. <u>Guarantee</u>

The Bunevaczes shall cause Joseph Bunevacz, the father of David Bunevacz, to execute a personal guarantee of all payments specified in this Agreement.

→ TIME IS OF THE ESSENCE IN THIS AGREEMENT

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement on the dates set forth above.

LGDM, LLC

By: _____
Andrew Donen
Managing Member

_____
David Bunevacz

Flawless Vape, Inc.

By: _____
Rick Wood
Secretary

_____
Jessica Bunevacz

_____
Rick Wood

_____
Mary Bunevacz

_____
Jason Grace

8